IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANE MICHAUD,  )
                                                 ) No. 13-158
    Plaintiff,  )

v.

CAROLYN W. COLVIN,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for disability benefits pursuant to Titles II and XVI of the Social Security Act, based on emphysema and depression. Plaintiff alleged disability beginning January 10, 2010. His claim was denied upon hearing by ALJ decision dated November 16, 2011, and the Appeals Council denied his request for review. This appeal followed, and the parties' cross-motions for summary judgment are before the Court. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded.

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## I. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ failed to properly consider, or explain why he rejected, notes and a statement from his family physician, Dr. Spahn. Essentially, Plaintiff contends that the ALJ accepted the portions of Dr. Spahn's opinions that supported a finding of not disabled, but rejected those portions that supported a finding of disabled. Plaintiff takes issue with the ALJ's consideration of the evidence piece by piece, as opposed to considering the evidence as a

whole.  Although Plaintiff's Brief lacks specificity, I gather that he challenges only the ALJ's conclusions regarding the alleged physical disability of emphysema.[1]

"It is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." Moffatt v. Astrue, 2010 U.S. Dist. LEXIS 103508, at *6 (W.D.Pa. 2010).  This principle allows an ALJ to reject a treating medical source statement if the opinions therein are inconsistent with the physician's treatment notes.  Bartlett v. Colvin, 2014 U.S. Dist. LEXIS 56860 (W.D. Pa. Apr. 24, 2014).  Even when a treating physician's opinion is not given controlling weight, however, it is entitled to "great weight, especially when [it] reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000).  "If the ALJ views the treatment notes as marginal or as excessively conclusory, then the ALJ should say so and explain why…." Hall v. Astrue, 882 F. Supp. 2d 732, 741 (D. Del. 2012).

Dr. Spahn treated Plaintiff, roughly on a monthly basis, between the alleged January 10, 2010 date of onset and the date of the November, 2011 hearing.  On September 2, 2011, Dr. Spahn completed a treating medical source statement, indicating several limitations – such as that Plaintiff is likely to medically call off one day per week, be unable to complete a full workday one day per week, and will require 1-4 breaks per day.  The ALJ gave only "moderate" weight to the medical source statement.  He concurred with Dr. Spahn's opinion that Plaintiff retained only a capacity for light work, due to persistent respiratory symptoms.

However, the ALJ noted that Dr. Spahn's treatment notes failed to support the full range of limitations identified in the medical source statement, "in light of the… treatment notes

---

[1] The record is sparse regarding Plaintiff's depression and back pain, and the ALJ's conclusions are supported by substantial evidence to the extent that they apply to alleged mental disability.

3

reflecting stable respiratory condition during 2011." The ALJ noted that Plaintiff's treatment records from 2011 reflect improved overall functioning and overall stability in his condition. "Overall" improvement or stability of a severe condition, however, does not necessarily contradict the specific limitations set out by Dr. Spahn. Indeed, it is unclear why the ALJ accepted certain of Dr. Spahn's limitations opinions – for example, occasional postural limtiations – but rejected or failed to mention others, such as the inability to work a full five-day work week. For this reason, the matter must be remanded to allow the ALJ an opportunity to clearly explain the reasons for the weight afforded Dr. Spahn's opinions regarding Plaintiff's limitations.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be granted, and Defendant's denied. An appropriate Order follows.

## ORDER

AND NOW, this _8th_ day of May, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court